**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-5268**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

TONY ARISMENDY PEGUERO,

                Defendant – Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:07-cr-00017-RLV-DCK-1)

———————————

Submitted: July 20, 2009          Decided: August 3, 2009

———————————

Before MOTZ, KING, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Arismendy Peguero pled guilty pursuant to a plea agreement to possession with the intent to distribute five kilograms of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006) and 18 U.S.C. § 2 (2006). After finding Peguero eligible for the safety valve, 18 U.S.C. § 3553(f) (2006), the district court sentenced him to 108 months' imprisonment. On appeal, Peguero claims that his guilty plea was unknowing and involuntary. The Government urges dismissal of the appeal on the ground that Peguero validly waived his right to appeal his conviction in his plea agreement. We affirm.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. See Blick, 408 F.3d at 168. Our review of the record reveals that Peguero knowingly and voluntarily waived his right to appeal his conviction and sentence.

2

We conclude, however, that Peguero's assertion that his guilty plea was involuntary and that the district court erred in accepting his plea constitutes an exception to the appellate waiver because it presents a "colorable" constitutional claim. See, e.g., United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994). Accordingly, we decline the Government's suggestion to dismiss the appeal. Nevertheless, although we possess jurisdiction to consider this claim, we find it to be without merit. The record confirms that the magistrate judge conducted a thorough Rule 11 hearing, ensuring that Peguero's guilty plea was knowingly and voluntarily made. Peguero's belated claim that he was confused at the hearing and did not understand the consequences of his plea is simply belied by the record.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED